IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                      Plaintiff,

    v.

MARIO SALAS-RODRIGUEZ,

                      Defendant.

ORDER

08-cr-193-bbc
10-cv-383-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Mario Salas-Rodriguez has filed a motion for post conviction relief under 28 U.S.C. § 2255. He contends that his conviction and sentence are invalid on three grounds of constitutional ineffectiveness by his court-appointed counsel: (1) counsel failed to argue at sentencing that he should receive sentence credit for the Wisconsin sentence he served after an immigration detainer was filed against him and before he was indicted in this court: (2) counsel failed to move for dismissal of the indictment on the ground of preindictment delay; and (3) appellate counsel failed to bring to the court of appeals' attention trial counsel's failure to move for dismissal of the indictment. He contends that the government acted improperly by depriving him of his right to due process by knowingly

1

and intentionally delaying the filing of the indictment "in order to get the maximum incarceration time out of [defendant]," Mot., dkt. #1, at 11, and that the government acted contrary to justice by delaying the indictment.

The record shows that defendant was found in jail in the Western District of Wisconsin on November 6, 2006, where he had been detained since his September 21, 2006 arrest for driving under the influence of alcohol. An immigration detainer was placed on him because he had been deported 14 years earlier after having been convicted of possession of cocaine with intent to distribute it. On February 15, 2007, defendant was convicted of his fifth offense of driving under the influence and sentenced to two years in state custody. Shortly before his sentence expired, a federal grand jury indicted defendant on the ground of illegal re-entry into the United States after having been deported for committing an aggravated felony. Defendant entered into a plea agreement with the government and pleaded guilty on February 11, 2009.

The probation office calculated an advisory guideline range of 77-96 months after calculating defendant's criminal history category as VI and his adjusted offense level as 21. At sentencing, his counsel argued for a sentence of one year and one day. She noted that defendant had not been indicted until he was nearing the end of his state sentence, depriving him of the opportunity for a concurrent federal sentence, but she placed greater emphasis on the unfairness of both assessing a 16-level increase in his base offense level and adding

2

three points to his criminal history score because of what was now a 20-year-old drug trafficking offense.

I denied defendant's request for a variance, in part because defendant's five convictions for driving under the influence indicated that he was a danger to the community and because I was not persuaded that the 16-level enhancement was unfair. Defendant was sentenced to 84 months in custody.

OPINION

To establish that he is entitled to relief under § 2255, defendant has to show that his conviction or sentence is flawed by an error of law that is jurisdictional, unconstitutional or so fundamental a defect that it results inherently in a complete miscarriage of justice. Ineffective assistance of counsel may amount to that kind of error. Strickland v. Washington, 466 U.S. 688 (1984).

Taking defendant's contentions in order, I find that counsel was not constitutionally ineffective when she failed to ask that defendant receive credit on his federal sentence for the sentence he had served after the detainer had been lodged. Such an argument would not have persuaded me to give defendant a lower sentence when his state sentence was for drunk driving and his federal sentence was for the entirely different crime of illegal re-entry after deportation. Even if defendant had been charged immediately after his state sentence was

3

imposed, I would not have made the sentences concurrent.  Doing so was not necessary to meet any goal of sentencing, now that judges are not bound by the guidelines.  If I had thought a shorter sentence would have been sufficient to protect the community and achieve other goals of sentences, I could have imposed such a sentence, whether or not I believed that the state and federal sentences should have been concurrent.

Second, defendant contends that trial counsel erred in not asking the court to dismiss the indictment against him on the ground of prejudicial delay by the government.  Defendant has not suggested that counsel had any basis for making such an argument.  He does not say that he was prejudiced in any respect by the delay, such as by losing the opportunity to call certain witnesses.  The indictment was brought within the statutory time limit, which means that it is presumptively timely.  18 U.S.C. § 3282 (non-capital offenses may not be prosecuted unless the indictment is returned within five years after the offense is committed).  In any event, defendant's constitutional rights to a prompt trial under the Sixth Amendment did not come into being until he was indicted.  Doggett v.United States, 505 U.S. 647, 654-55 (1992) (speedy trial right has no application beyond confines of formal criminal prosecution); United States v. MacDonald, 456 U.S. 1, 6-7 (1982) (speedy trial right attaches only when formal criminal charge is instituted).  To tie up all the loose ends on this point, when defendant was asked specifically at sentencing whether he had any objection to his presentence report, he never told the court that he thought he had been

prejudiced by the delay in the indictment. In fact, he said nothing about preindictment delay. His counsel mentioned it almost in passing, but conceded that it was not a ground for relief.

Third, defendant contends that appellate counsel failed to bring to the court of appeals' attention trial counsel's failure to move for dismissal of the indictment. Because defendant had no ground for making such a motion, it was not constitutional ineffectiveness for appellate counsel to fail to raise the issue.

For his fourth and fifth grounds, defendant blames the government for its delay in indicting him, saying that it denied him due process and that it was contrary to justice, but he does not set out any facts that might support his claim. As I have noted,.in and of itself, a two-year delay cannot be considered prejudicial.

Under Rule 11 of the Rules Governing Section 2255 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. For the reasons stated, reasonable jurists would not debate the decision that this petition should be dismissed because petitioner has not shown that he was denied the effective assistance of counsel at sentencing. Therefore, no certificate of appealability will issue.

ORDER

IT IS ORDERED that defendant Mario Salas-Rodriguez's motion for post conviction relief under 28 U.S.C. § 2255 is DENIED for his failure to show that his custody is illegal in any respect. Defendant is DENIED a certificate of appealability. If petitioner wishes, he may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 7th day of September, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge